IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS,
TYLER DIVISION

| | | |
|---|---|---|
| TELECONNECT SOLUTIONS LLC, | § | Case No:  6:11-cv-321 |
| | § | |
| Plaintiff, | § | |
| | § | JURY TRIAL DEMANDED |
| v. | § | |
| | § | |
| CISCO SYSTEMS, INC., | § | COMPLAINT FOR PATENT |
| | § | INFRINGEMENT |
| Defendant. | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Teleconnect Solutions LLC files this Complaint for Patent Infringement against Cisco Systems, Inc., and alleges as follows:

### THE PARTIES

1.  Teleconnect Solutions LLC ("Teleconnect") is a Delaware limited liability company with its principal place of business located at 6136 Frisco Square Blvd., Suite 385, Frisco, Texas 75034.

2.  Cisco Systems, Inc. ("Cisco") is a corporation organized and existing under the laws of the State of California and maintains a principal place of business at 170 W. Tasman Dr., San Jose, California 95134.  Cisco does business in Texas, including business within this judicial district, and has a registered agent for the service of process in the State of Texas.  Cisco may be served with process by serving its Texas registered agent, Prentice Hall Corporation System at 211 E. 7th St., Suite 620, Austin, Texas 78701-3334.

## JURISDICTION & VENUE

3. This is an action alleging infringement of a United States patent. Accordingly, this action arises under the patent laws of the United States of America, 35 U.S.C. § 1 *et seq*., and this Court has exclusive subject matter jurisdiction over this action under 35 U.S.C. § 271 and 28 U.S.C. §§ 1331 and 1338(a).

4. Cisco is subject to the jurisdiction of this Court by reason of its regularly conducted and systematic business contacts in Texas and by having appointed a resident agent for service of process in the State of Texas.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b), in that Cisco is subject to personal jurisdiction in the Eastern District of Texas and/or does business within the Eastern District of Texas.

6. Cisco has offices and employees located in Richardson, Dallas County, Texas.

7. Cisco has what it has characterized as a "Data Center" in Richardson, Texas. Cisco's Data Center is located at 2200 E. President George Bush Turnpike, Richardson, TX 75082.  Cisco's Data Center is located just a few miles outside of the Eastern District of Texas.

## CLAIMS FOR PATENT INFRINGEMENT

### United States Patent No. 5,802,160

8. On September 1, 1998, United States Patent No. 5,802,160 entitled "Multi-Ring Telephone Method and System" ("the '160 patent") was duly and legally issued.  A true and correct copy of the '160 patent is attached hereto as Exhibit A.

9. The '160 patent issued from application No. 590,110, filed on January 19, 1996.

10. Pursuant to 35 U.S.C. § 282, the '160 patent is presumed valid.

11. Teleconnect is the exclusive licensee to the '160 patent, and has all substantial rights in and to the '160 patent, including the right to sue and collect damages for past, present and future infringement of the '160 patent.

### Cisco's Infringement of the '160 Patent

12. Cisco has infringed and continues to infringe the '160 patent by making, using, selling, offering to sell, leasing, importing and/or exporting software and software-based call-processing systems and related equipment that infringe one or more claims of the '160 patent.

13. The Cisco systems that infringe the '160 patent include, but are not limited to, software mobility applications that provide advanced call forwarding features such as Cisco's "Mobile Connect" software feature, as well as the call processing systems that deliver these mobility applications including, but not limited to, the Cisco Unified CallManager, the Cisco Unified Communications Manager, and the Cisco Unified Communications Manager Business Edition (collectively referred to herein as "Cisco Call Processing Systems").

14. In addition to its direct infringement of the '160 patent, Cisco has infringed and continues to infringe the '160 patent by actively inducing direct infringement by end-users who purchase and use the aforementioned Mobile Connect software mobility application and the Cisco Call Processing Systems that deliver this mobility application.

15. Cisco has the specific intent to encourage direct infringement of the '160 patent by end users who use the aforementioned Mobile Connect software mobility application and the Cisco Call Processing Systems that deliver this mobility application.

16. Cisco's sales, advertising, and instructions have induced direct infringement of the '160 patent by end users who use the aforementioned Mobile Connect software mobility application and the Cisco Call Processing Systems that deliver this mobility application.

17. Cisco knew or should have known that its actions would induce direct infringement of the '160 patent by end users who use the aforementioned Mobile Connect software mobility application and the Cisco Call Processing Systems that deliver this mobility application.

18. Upon information and belief, Cisco provides continuing support services to end-users with the intent of enabling them to practice the methods claimed in the '160 patent without a license.

19. By making, using, selling, offering to sell, leasing, importing and/or exporting the Mobile Connect software mobility application and the Cisco Call Processing Systems that deliver this mobility application, Cisco has infringed and continues to infringe, either directly or indirectly (by inducing infringement or contributory infringement), at least claims 12, 13, 15, 17, 37, 38, 40 and 42 of the '160 patent.

20. Cisco infringes the '160 patent either literally or under the doctrine of equivalents.

## DAMAGES

21. The infringement of the '160 patent, as alleged above, has injured Teleconnect, and thus, Teleconnect is entitled to recover damages adequate to compensate it for the defendants' acts of infringement, which in no event can be less than a reasonable royalty.

## DEMAND FOR JURY TRIAL

22. Teleconnect hereby demands a jury trial on all claims and issues.

## PRAYER FOR RELIEF

Wherefore, Teleconnect prays for entry of judgment:

A. that Cisco has infringed one or more claims of the '160 patent;

  B.  that Cisco account for and pay to Teleconnect all damages caused by the infringement of the '160 patent, which by statute can be no less than a reasonable royalty;

  C.  that Teleconnect be granted pre-judgment and post-judgment interest on the damages caused to them by reason of Cisco's, infringement of the '160 patent;

  D.  that costs and attorney fees be awarded to Teleconnect;

  E.  that Teleconnect is granted such other and further relief as the Court may deem just and proper under the current circumstances.

Date:   June 20, 2011       Respectfully submitted,

            /s/ Stephen W. Abbott
            Matthew J.M. Prebeg
            Texas Bar No. 00791465
            Christopher M. Faucett
            Texas Bar No. 00795198
            Stephen W. Abbott
            Texas Bar No. 00795933
            **CLEARMAN | PREBEG LLP**
            815 Walker Street, Suite 1040
            Houston, Texas 77002
            Telephone:(713) 223-7070
            Facsimile: (713) 223-7071
            Email: mprebeg@clearmanprebeg.com
                cfaucett@clearmanprebeg.com
                sabbott@clearmanprebeg.com

            T. John Ward, Jr.
            Texas Bar No. 00794818
            Wesley Hill
            Texas Bar No. 24032294
            **Ward & Smith Law Firm**
            111 W. Tyler St.
            Longview, Texas 75601
            Telephone: (903) 757-6400
            Facsimile:  (903) 757-2323
            Email: jw@wsfirm.com
                wh@wsfirm.com

      *ATTORNEYS FOR TELECONNECT SOLUTIONS LLC*